PER CURIAM.
 

 | iThis application arises from a suit filed by Cleco against Samuel Sansing, a former
 
 *556
 
 Cleco employee. Mr. Sansing filed a re-conventional demand against Cleco for libel, slander and defamation. During discovery, Cleco declined to produce a certain document sought by Mr. Sansing, and sought a protective order on the ground the document was subject to the attorney-client privilege. Mr. Sansing opposed the protective order, asserting that the “crime-fraud” exception to the attorney-client privilege applied.
 

 After a hearing, the district court denied the protective order and ordered that the document be produced. Cleco now seeks review of that ruling.
 

 In order to vitiate the attorney-client privilege, the court must make a finding that the attorney-client relationship was intended to further continuing or future criminal or fraudulent activity.
 
 State v. Taylor,
 
 502 So.2d 537 (La.1987) (on second rehearing). The party challenging the privilege must (1) make an independent prima facie case that a crime has been committed, and (2) then demonstrate that the privileged information bears a relationship to the alleged crime or fraud.
 
 Ward v. Succession of Freeman,
 
 854 F.2d 780 (5th Cir.1988).
 

 In the instant case, it is unclear from the facts presented whether the district court made any specific findings in this regard. Without these findings, we cannot determine whether the district court erred in denying protective relief for the document in question.
 

 ^Accordingly, the judgment of the district court is vacated. The ease is remanded to the district court, which is instructed to render a new ruling on Cleco’s motion for protective order, including specific findings on the applicability of the crime-fraud exception, after appropriate briefing from the parties and, if necessary, an additional
 
 in camera
 
 review of the privileged documents.